**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:05-CR-20 CAS |
| v. ) | |
| ) | |
| MARKEITH L. VALENTINE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on various pretrial matters. Pursuant to 28 U.S.C. § 636(b), this Court referred all pretrial matters to United States Magistrate Judge David D. Noce. On April 25, 2005, Judge Noce filed a Report and Recommendation of United States Magistrate Judge which recommended that defendant's Motion to Suppress Evidence and Statements be denied.

In this case, defendant was in a car accident in Southern Missouri and a passerby stopped to assist. This passer-by, Officer Richard Harrington of the Illinois State Department of Corrections, asserted that he saw a gun in plain view in defendant's driver seat after the accident. Officer Harrington asked another passerby, Anthony Mergo, to verify that the gun was in the driver's seat and then seized the gun and the ammunition. Officer Harrington subsequently gave the gun to Missouri State Highway Patrol Officer Michelle Coon. Defendant asserted that the gun was in his glove compartment and that after the accident, he moved it to a middle console out of sight. Defendant asserts that Officer Harrington must have opened the console and retrieved the gun. Defendant moved to suppress the gun and ammunition and statements he made to Officer Coon,

asserting that the seizure of the gun violated the Fourth Amendment. Both parties agree that Harrington was outside of his territorial jurisdiction for exercising his authority as a law enforcement officer.

Judge Noce credited the testimony of Officer Harrington that he saw the gun in plain view laying in the middle of the driver's seat. Judge Noce found that Harrington did not act as a government agent when seizing the evidence therefore, the Fourth Amendment did not apply. Also, Judge Noce found that even if Harrington's actions were government actions, the government may conduct a warrantless search and seizure under exigent circumstances and Harrington reasonably believed that there was a risk of danger with the presence of a gun. Further, Judge Noce found that Missouri Highway Patrol Officer Coon lawfully took control of the gun. Finally, Judge Noce found that defendant's statements after his arrest should not be suppressed because Officer Coon read defendant his Miranda[1] rights and the statements were voluntary.

Defendant filed the following specific objections. First, defendant objects to the Court's use of the test found in United States v. Malbrough, 922 F.2d 458 (8th Cir. 1990), to determine whether Officer Harrington acted as a government agent. Defendant asserts that the correct test is a totality of the circumstances test. Second, defendant objects to the Court's finding that Officer Coon had probable cause to arrest him. Defendant asserts that he met the peaceable traveler exemption under the Missouri Unlawful Use of a Weapon statute and there was no probable cause to arrest him, therefore his statements after his arrest should be suppressed.

---

[1] Miranda v. Arizona, 384 U.S. 436, 444-45 (1966) (Prior to any questioning, a person must be warned that he has a right to remain silent, that any statement that he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed. A person may waive these rights if the waiver is made voluntarily, knowingly, and intelligently).

The Court has carefully and independently reviewed the full record, and has listened to tapes of the evidentiary hearing held in this matter on April 8, 2005. The Court finds that the Report and Recommendation correctly applies relevant law.

"A seizure by a private citizen is not subject to the strictures of the Fourth Amendment unless that private citizen is acting as a government agent." United States v. Smith, 383 F.3d 700, 705 (8th Cir. 2004) (citing Malbrough, 922 F.2d at 462.) "In determining whether a private citizen is an agent of the government, two critical factors are whether the government knew of and acquiesced in the intrusive conduct, and whether the party performing the search intended to assist law enforcement officers or to further the [party's] own interests." Malbrough, 922 F.2d at 462 (citations omitted). Another factor is whether the citizen acted at the government's request. Valentine asserts that the Court must use a totality of the circumstances test, but that is not the law of our circuit.

It is undisputed that the Missouri Highway Patrol Officer did not know Harrington had seized the gun until her arrival on the scene. Harrington testified that he seized the weapon for the safety of the people around the accident and he wanted to turn the gun over to Missouri law enforcement. "That a private person is motivated in part by a desire to aid law enforcement does not in and of itself transform [him] into a government agent." Smith, 383 F.3d at 705. "[I]t is no part of the policy underlying the Fourth and Fourteenth Amendments to discourage citizens from aiding to the utmost of their ability in the apprehension of criminals." Coolidge v. New Hampshire, 403 U.S. 443, 488 (1971). Harrington did have a motive of assisting law enforcement. But his motivation alone is not enough to find that he acted as a government agent. See United States v. Huber, 404 F.3d 1047, 1054 (8th Cir. 2005) (no evidence that government acquiesced in, knew about or asked witness for files, and her motivation to help government is not sufficient to make her an agent); United States v.

3

Hollis, 245 F.3d 671, 674 (8th Cir. 2001) (defendant did not show law enforcement acquiesced in informant's false statement or that informant had public spirited, as opposed to self-serving, reason for providing statement to police).  Because the seizure of the gun was lawful, the gun will not be suppressed.

The Court also agrees with Judge Noce's alternative holding that if Harrington did act as a government agent, the seizure was still lawful because the gun was in plain view and exigent circumstances existed.  See United States v. Collins, 312 F.3d 691, 695 (8th Cir. 2003) (exigent circumstances justified warrantless entry into vehicle and gun was lawfully seized under plain view doctrine).  The Court agrees that Officer Coon had probable cause to arrest defendant without a warrant based on the information she received from Officer Harrington and Anthony Mergo.

As to plaintiff's statements made after his arrest, the Court agrees with the Report and Recommendation that these statements were voluntarily made.  Therefore, the Court will adopt the Report and Recommendation of United States Magistrate Judge in its entirety.

Accordingly, after a de novo review,

**IT IS HEREBY ORDERED** that the objections of defendant Markeith L. Valentine are overruled.  [Doc. 33]

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained, adopted** and **incorporated** herein.  [Doc. 30]

**IT IS FURTHER ORDERED** that defendant's Motion to Suppress Evidence and Statements is **DENIED**. [Doc. 26]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of May, 2005.